**Dated: May 08, 2026.**

_____
**CHRISTOPHER G. BRADLEY**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 25-11564-CGB |
| | § | |
| STEVEN GERALD | § | |
| PAPERMASTER, | § | |
| | § | Chapter 11 |
| | § | |
| Debtor. | § | |
| RACE THE CRESTING CURL, LLC | § | |
| AND LEAP OF RULESET, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adv. No. 25-01067-CGB |
| | § | |
| STEVEN GERALD | § | |
| PAPERMASTER, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR
## SUMMARY JUDGMENT [ECF No. 15]

1

## Introduction

In this case, the Court once again considers whether a state court judgment that awards judgment to a creditor "on its claims asserted in this cause against" the debtor had, in fact, the effect of awarding judgment on the claims asserted in the cause against the debtor. The Court once again determines that the plain text of the order says what it says. In this case, that means that the debtor's more-than-ten-million-dollar debt to the creditors is nondischargeable.

## Background

Debtor, Steven Gerald Papermaster, filed his individual chapter 11 case on October 7, 2025.[1] Creditors Race the Cresting Curl, LLC ("Race") and Leap of Ruleset, LLC ("Leap") timely commenced this adversary proceeding objecting to the discharge of the debts owed to them by Mr. Papermaster.[2] Race and Leap assert that their claims against Mr. Papermaster are nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), and (a)(19).

On March 12, 2026, Race and Leap filed their *Motion for Summary Judgment* [ECF No. 15], seeking summary judgment on their § 523(a)(19) claim. Mr. Papermaster timely filed a response [ECF No. 18], and Race and Leap timely filed a reply [ECF No. 19].

## Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial."[4] The burden then shifts to the non-moving party to "present evidence that there is a genuine issue for trial."[5] When evaluating a motion for summary judgment, courts must view the

---

[1] Case No. 25-11564.

[2] Pls.' Compl., ECF No. 1.

[3] Fed. R. Civ. P. 56(a), made applicable to this adversary proceeding through Fed. R. Bankr. P. 7056.

[4] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

[5] *Jenkins v. Jones (In re Jones)*, 600 B.R. 561, 565 (Bankr. W.D. Tex. 2019) (citing *Celotex Corp.*, 477 U.S. at 323)).

2

evidence in the light most favorable to the non-moving party.[6] "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."[7]

## Jurisdiction and Authority

The Court has jurisdiction to hear this matter and authority to enter a final judgment. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and is a part of the claims allowance process.[8] In addition, both parties have consented to this Court entering a final judgment in this case.[9]

## Analysis

The Bankruptcy Code prohibits debtors from receiving a discharge of certain types of debt, including those emerging from the violation of securities laws. The provision is broadly drafted. Section 523(a)(19) of the Bankruptcy Code denies the discharge to any debt that "is for the violation of any of the Federal securities laws[,] . . . any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or common law fraud, deceit, or manipulation in connection with the purchase or sale of any security." This provision was passed in the wake of the Enron scandal and was then expanded somewhat in the 2005 Bankruptcy Code amendments.[10]

Most items in § 523's list of nondischargeable debts need not be liquidated before they are held to be nondischargeable, and the bankruptcy court may itself liquidate the amount of the claims as well as determining their eligibility for discharge.[11] That said, if the debt has been liquidated elsewhere—for instance in a state court judgment or an arbitration award—the court will engage in a familiar collateral estoppel analysis to determine what sort of preclusive effect it should be

---

[6] *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003) (citing *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001)).

[7] *Id.* (collecting cases); *see also Jones*, 600 B.R. at 565 (quoting *Davis v. Fort Bend Cnty.*, 765 F.3d 480, 484 (5th Cir. 2014)).

[8] *Stern v. Marshall*, 564 U.S. 462, 499 (2011).

[9] ECF Nos. 6 and 11.

[10] *See generally Faris v. Jafari (In re Jafari)*, 401 B.R. 494 (Bankr. D. Colo. 2009).

[11] *See generally, e.g., Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 478–80 (5th Cir. 2009).

3

given, usually based on whether the relevant issues were fully and fairly litigated below.[12]

Section 523(a)(19) is somewhat different. On the one hand, although courts are divided on this, the provision seems to suggest that the debt *must* be liquidated elsewhere, not in the bankruptcy court.[13] This requirement can make it somewhat harder for creditors to obtain the nondischargeable judgment because they may have to go litigate in another venue first. On the other hand, the creditor is aided by the fact that the nondischargeable debt can arise from a wide variety of sources: "any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding."[14] And this language does not seem to require a full preclusion analysis (as confirmed by various decisions cited below, including the widely cited *Minardi* case[15]). This may ease creditors' way, at times, giving force to default judgments, settlement agreements, and other writings that might not always pass a full preclusion analysis.

---

[12] *See, e.g.*, *Wong v. Bergan (In re Bergan)*, No. 25-3431, 2026 WL 200775, at *3 (Bankr. S.D. Tex. Jan. 26, 2026) ("Generally, when a creditor relies on a state court judgment to show that a debt is non-dischargeable, the bankruptcy court may give preclusive effect to the state court judgment only if the elements of collateral estoppel are met." (citing *Gober v. Terra+Corp. (In re Gober)*, 100 F.3d 1195, 1201 (5th Cir. 1996)).

[13] There is a split of authority as to whether this provision allows a bankruptcy court to liquidate a claim of this type, then deem it nondischargeable. *See J. Thompson Invs., LLC v. Soderstrom (In re Soderstrom)*, 524 B.R. 835, 844 n.52 (Bankr. M.D. Fla. 2015) (collecting cases). Here, as the Court will detail below, Race and Leap present a valid state court judgment in their favor; this claim has already been liquidated by the state court. Therefore, the issue of whether this Court could determine liability for underlying claims under § 523(a)(19) is not raised here. However, had that issue been raised, the Court notes that the text of the Code appears to align with the authorities that require liquidation of these claims outside of bankruptcy court. *E.g.*, *Wright v. Minardi (In re Minardi)*, 536 B.R. 171, 192 (Bankr. E.D. Tex. 2015) ("The proper interpretation of § 523(a)(19), even as amended, requires that a tribunal other than the bankruptcy court determine the liability aspect–e.g., whether a federal or state securities violation or some type of related fraud has occurred." (first citing *McGraw v. Collier (In re Collier)*, 496 B.R. 877, 902–03 (Bankr. E.D. Ark. 2013), and then citing *Voss v. Pujdak (In re Pujdak)*, 462 B.R. 560, 576 (Bankr. D.S.C. 2011))); *Terek v. Bundy (In re Bundy)*, 468 B.R. 916, 921 (Bankr. E.D. Wash. 2012) ("Should the bankruptcy court be the appropriate forum to conclude that the requiremen[t]s of subpart (A) have been met, subpart (B) is superfluous. The existence of subsection (B) to § 523(a)(19) leads to the conclusion that the bankruptcy court, once some regulatory or other judicial tribunal has determine[d] a violation of securities laws exists, may determine whether the debt at issue resulted from the violation and is thus not subject to discharge.").

[14] 11 U.S.C. § 523(a)(19)(B)(i).

[15] 536 B.R. 171.

4

Here, Race and Leap sued Mr. Papermaster in state court for claims arising out of alleged securities fraud, including (1) violations of the Texas Securities Act,[16] (2) fraud, (3) statutory fraud, and (4) unjust enrichment.[17] Race and Leap obtained and the state court entered a consent judgment in their favor, awarding each party "judgment on its claims asserted in this cause against Defendant Steven G. Papermaster."[18]

In Mr. Papermaster's main case, this Court previously opined about the applicability of § 522(q)(1)(B)(i), a provision of the Bankruptcy Code that limits a debtor's homestead exemption if the debtor owes a debt arising out of certain securities laws violations.[19] Mr. Papermaster timely filed a notice of appeal of that ruling.[20] While the analysis under § 523(a)(19) is similar in many ways to § 522(q), the two provisions are not identical.[21] For these reasons, the Court will independently analyze the parties' arguments under § 523(a)(19) and does not merely regurgitate the reasoning in its previous ruling.

**A. A consent decree can serve as the basis for a nondischargeable debt, and it can do so without the necessity of a full preclusion analysis.**

For most nondischargeability actions, a state court order is subject to a collateral estoppel analysis before it can be used preclusively.[22] But the situation is somewhat altered in the context of § 523(a)(19). As cases cited by both parties confirm,[23] the typical preclusion analysis is not required.[24] Because the statute

---

[16] The Texas Securities Act has since been recodified into Title 12 of the Texas Government Code, effective January 1, 2022.

[17] ECF No. 1-1 at 12–18. Race and Leap also sued Mr. Papermaster's company for suit on a promissory note, but that claim is not relevant to this analysis.

[18] ECF No. 1-3 at 1.

[19] *See In re Papermaster*, No. 25-11564, ___ B.R. ___, 2026 WL 641095 (Bankr. W.D. Tex. Mar. 2, 2026).

[20] Notice of Appeal, Case No. 25-11564, ECF No. 79.

[21] For a comparison, see *Papermaster*, 2026 WL 641095, at*4–6. In many ways, as the Court will explain below, the analysis under § 523(a)(19) is perhaps easier for Race and Leap to satisfy.

[22] *See, e.g.*, *Bergan*, 2026 WL 200775, at *3 (citing *Gober*, 100 F.3d at 1201).

[23] Def.'s Resp, ECF No. 18 ¶ 16 (citing *Minardi*, 536 B.R. 171); Pls.' Mot. for Summ. J., ECF No. 15 ¶ 26 (citing *Minardi*, 536 B.R. at 192–93).

[24] *Minardi*, 536 B.R. at 192–93; *see also Bergan*, 2026 WL 200775, at *3–4; *Jones*, 660 B.R. at 568–70; *Kokas v. Osborne (In re Osborne)*, No. 16-4068, 2017 WL 1232407, at *4 (Bankr. E.D. Tex. Apr. 3, 2017) ("[O]nce a determination of a securities violation or related fraud has been made by a non-bankruptcy tribunal, and proof of the entry of the order or existence of a settlement of such charges is tendered to the bankruptcy court, the debt is rendered nondischargeable under § 523(a)(19) without proof of any additional element in a manner outside the traditional analysis

5

explicitly contemplates a finding of nondischargeability for a qualifying debt arising from "any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding," there is no need for the Court to consider the underlying circumstances of the order. So long as the judgment, order, consent order, or decree reflects a debt deriving from any one of the enumerated predicates, the inquiry ends there.[25] The debt is not discharged.

## B. Two of the claims resolved against Mr. Papermaster in the state court order are each qualifying predicates for nondischargeability under § 523(a)(19).

The state court judgment awards Race and Leap each "judgment on its claims asserted in this cause against Defendant Steven G. Papermaster."[26] To determine to which claims the state court judgment refers, the Court looks to the live pleading in the state court case.[27] The claims asserted in the cause against Defendant Steven G. Papermaster were (1) violations of the Texas Securities Act, (2) fraud, (3) statutory

---

of issue preclusion principles." (citing *Minardi*, 536 B.R. at 192)); *Hardwick v. Anderson* [hereinafter *Hardwick II*], 658 B.R. 123, 129–30 (E.D. Tex. 2024). Although Mr. Papermaster's response cites *Minardi* for this principle, he nonetheless attempts to make a "backdoor" preclusion argument, arguing, for example, that there was never "any determination of the merits of the claims brought by Leap or Race." Def.'s Resp. ¶¶ 16, 26. Under the prevailing case law, this analysis is simply not required for the purposes of 11 U.S.C. § 523(a)(19), so the Court rejects this argument. *See, e.g.*, *Osborne*, 2017 WL 1232407, at *5 ("Thus, any lack of particularized findings in this context is of no consequence.").

[25] 11 U.S.C. § 523(a)(19)(B)(i). *See, e.g.*, *Osborne*, 2017 WL 1232407, at *4–5 ("Congress intended the underlying non-bankruptcy decisions or settlements to have *preclusive effect* in nondischargeability actions before the bankruptcy court." (quoting *Pujdak*, 462 B.R. at 575–76 (alterations in original)). *See generally Jafari*, 401 B.R. 494 (contemplating legislative intent of several subsections of 11 U.S.C. §523 and discussing pre-bankruptcy determination of liability under § 523(a)(19)).

Mr. Papermaster argues that the state court judgment was part of a settlement agreement and was not intended to be, as it says, a judgment on the "claims asserted in this cause against Defendant Steven G. Papermaster." *See* Def.'s Resp. ¶¶ 4, 11, 13, 24, 26. But principles of contract interpretation govern the interpretation of Texas judgments. *Argonaut Ins. Co. v. Allstate Ins. Co.*, 869 S.W.2d 537, 540 (Tex. App.—Corpus Christi 1993, writ denied (citing *Barrientes v. Bd. of Trs., Harlandale Indep. School Dist.*, 764 S.W.2d 28, 29 (Tex. App.—San Antonio 1989, writ denied)). This judgment is unambiguous, and thus it would be improper to consider evidence of the parties' "real" intent in contradiction. *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 422 (Tex. 2000). Even if the Court could consider the circumstances under which the judgment was entered (which it cannot), the statute explicitly contemplates a debt for securities fraud resulting from "any settlement agreement entered into by the debtor." 11 U.S.C. § 523(a)(19)(B)(ii).

[26] ECF No. 1-3 at 1.

[27] *See Hardwick II*, 658 B.R. at 131–132 (looking to the underlying state court record).

6

fraud, and (4) unjust enrichment.[28] The violations of the Texas Securities Act qualify as predicates for nondischargeability under § 523(a)(19)(A)(i), which contemplates a debt for the violation of "any of the State securities laws."[29] The fraud claim qualifies as a debt for "common law fraud . . . in connection with the purchase or sale of any security."[30] This leaves the claims for statutory fraud and unjust enrichment, which do not qualify under the plain language of the text of § 523(a)(19).

Mr. Papermaster's response contends that the state court order "recites that it disposes of all claims and all parties, but makes no finding or conclusion with respect to any particular claim."[31] However, this is not true: the state court order explicitly awards judgment to Race and Leap on their "claims asserted in this cause against" Mr. Papermaster. This judgment obviously includes, therefore, the two claims that are statutory predicates for nondischargeability under § 523(a)(19).

The clarity of this judgment can be illustrated by contrasting it with the state court order in *Hardwick*[32] (a case that Mr. Papermaster denies controls, but makes no attempt to distinguish[33]). In *Hardwick*, the state court order did not enter judgment on any claims, but merely entered judgment "in favor of the Plaintiff" and "finally dispos[ed] of all claims against" the defendant."[34] Because the state court order in *Hardwick* did not enter judgment on any particular claim (or on all claims), the bankruptcy court had to investigate the causes of action in the state court case to determine what the judgment could have been for.[35] Because *all* of the causes of

---

[28] ECF No. 1-1 at 12–18. Race and Leap also sued Mr. Papermaster's company, Nano Global Corp., for suit on a promissory note, but that claim was resolved by a separate order and is not relevant to this analysis. That consent judgment is filed on the record at ECF No. 1-2.

[29] Prior case law in this district has confirmed that the Texas Securities Act is, indeed, a State securities law. *See, e.g.*, *In re Bounds*, 491 B.R. 440, 449–50 (Bankr. W.D. Tex. 2013). (As the Court already noted, this law has since been recodified. *See supra* note 16.)

[30] 11 U.S.C. § 523(a)(19)(A)(ii). The Court notes the statutory distinctions from § 522(q)(B)(ii), which contemplates a debt arising from fraud (not just common law fraud, as in § 523(a)(19)) "in connection with the purchase or sale of any security registered under section 12 or 15(d) of the Securities Exchange Act of 1934 or under section 6 of the Securities Act of 1933" (not just any security). As the Court already discussed in its § 522(q) opinion, the fraud claims here did not qualify for § 522(q) purposes. *Papermaster*, 2026 WL 641095, at*6.

[31] ECF No. 18 at 3.

[32] The bankruptcy court case is *Anderson v. Hardwick (In re Hardwick)* [hereinafter *Hardwick I*], 648 B.R. 175 (Bankr. E.D. Tex. 2023). The bankruptcy court's ruling was affirmed by the district court. *Hardwick II*, 658 B.R. 123. The state court order in *Hardwick I* is available on the docket in the bankruptcy case, Case No. 21-04065 (Bankr. E.D. Tex. May 19, 2021), ECF No. 13-5.

[33] Def.'s Resp., ¶¶ 2, 13, 17.

[34] *Anderson v. Hardwick (In re Hardwick)*, Case No. 21-04065 (Bankr. E.D. Tex. May 19, 2021), ECF No. 13-5.

[35] *Hardwick I*, 648 B.R. at 181.

7

action were predicate offenses for purposes of § 523(a)(19), the bankruptcy court was able to hold that the judgment was "for" those predicate offenses.[36] The district court affirmed.[37]

Here, not *all* of the claims asserted against Mr. Papermaster are within the scope of § 523(a)(19).[38] So, superficially, this looks like a more difficult case than *Hardwick*. But because judgment here was explicitly awarded to each of Race and Leap on "its claims asserted in this cause against Defendant Steven G. Papermaster," there is no ambiguity or room to argue that the judgment was only awarded on certain claims (i.e., the ones that do not trigger § 523(a)(19) liability). In other words, unlike the state court judgment in *Hardwick*, the judgment here is not unclear on the grounds on which it was entered.[39] It is not necessary for every claim in this case to be a predicate offense for the purposes of § 523(a)(19). Judgment was awarded *for* state securities laws violations and fraud arising out of the sale of securities to Race and to Leap.

**C. Mr. Papermaster's cited cases do little to support his position.**

Mr. Papermaster cites several § 523(a)(19) cases purportedly in support of his position.[40] However, each of these cases are distinguishable, especially upon review of the state court order at issue in each case. Notably, Mr. Papermaster has not pointed to a single case where a debt based on a state court order that explicitly awarded judgment against the debtor for securities law violations was found to be dischargeable by a bankruptcy court.

In *Mollasgo v. Tills*, the creditor attempted to use a settlement agreement to establish nondischargeability.[41] The court considered Congress's intent in allowing

---

[36] *Id.* at 182 ("No claims alleged in the state court case are attributable to any theories other than violations of securities law, or fraud in connection with the sale or purchase of securities. It follows that by knowingly consenting to a judgment in the state court case, Defendant consented to a judgment 'for' violations of securities law, or for fraud in connection with the sale or purchase of securities. No other claims were alleged which could possibly give rise to any other basis for the entry or existence of the judgment to which Defendant consented.").

[37] *Hardwick II*, 658 B.R. at 133 ("After careful review of the Plaintiffs' Second Amended Original Petition, the Court finds that all of its claims lie within the scope of 11 U.S.C. § 523(a)(19)(A).").

[38] Race and Leap describe all of the claims in the state court action as "arising from the same core conduct involving securities transactions." Pls.' Mot. for Summ. J., ECF No. 15 ¶ 19. However, while they do appear to arise from the same core facts, the claims for statutory fraud and unjust enrichment are not predicates for nondischargeability, based on the plain language of § 523(a)(19), regardless of their relation to the other claims.

[39] *Cf. Hardwick II*, 658 B.R. at 131–32.

[40] *See* Def.'s Resp., ECF No. 18, ¶¶ 18–23.

[41] *Mollasgo v. Tills (In re Tills)*, 419 B.R. 444, 452–53 (Bankr. S.D. Cal. 2009).

a settlement agreement to satisfy § 523(a)(19), observing that even "a settlement agreement that settles allegations of securities violations and is silent to fault may be sufficient."[42] But because the settlement agreement expressly stated that "fault and liability are not conceded," the agreement was insufficient.[43]

Here, unlike *Tills*, Race and Leap attempt to use a state court judgment, not a settlement agreement, to establish nondischargeability of Mr. Papermaster's debts to them. And, unlike *Tills*, where "fault and liability" were *not* conceded, this judgment enters judgment on the claims against Mr. Papermaster, which under Texas law is a finding of liability on those claims.

The facts of *Barton v. Stalter*[44] are similar to *Tills*. In *Stalter*, the parties resolved a state court lawsuit with a settlement agreement that expressly "reserved any admission of liability."[45] The related, stipulated state court judgment, which is available on the docket in that case, only enters a judgment amount and does not enter judgment on any claims against the defendants.[46]

Likewise, in *McKinny v. Allison*,[47] the district court upheld the bankruptcy court's decision to deny summary judgment on a similar federal court order because "The stipulated judgment did not reference any of the underlying asserted claims; it only referenced the settlement agreement, which expressly stated the parties admitted no liability."[48] Plainly, *Stalter* and *Allison* are both distinguishable from Mr. Papermaster's case where there is no reservation language.[49]

---

[42] *Id.* at 452.

[43] *Id.* at 452–53; *see also id.* at 455 ("There is no evidence, however, that Congress intended to preclude litigation over securities violations where the Debtor bargained for and obtained the right to contest fault in the very settlement agreement at issue.").

[44] *Barton v. Stalter (In re Stalter)*, No. 11-06058, 2012 WL 4482958 (Bankr. E.D. Mich. Sept. 25, 2012).

[45] *Id.* at *2.

[46] *Barton v. Stalter (In re Stalter)*, Case No. 11-06058, ECF No. 1, at 41–42 (Bankr. E.D. Mich. July 18, 2011).

[47] *McKinny v. Allison (In re Allison)*, No. 5:13-CV-00176-FL, 2013 U.S. Dist. LEXIS 155245 (E.D.N.C. Oct. 29, 2013).

[48] *Id.* at *25. The underlying order, which does not enter judgment on any claims, is available on the docket in the bankruptcy case. *McKinny v. Allison (In re Allison)*, Case No. 11-00312-8-SWH, ECF No. 23-7 (Bankr. E.D.N.C. Apr. 30, 2012).

[49] *Pidcock v. McCune* is also distinguishable because the underlying judgment in that case only awarded judgment "as repayment for the stock purchases" and for a breach of contract, not for any claim of securities fraud. *Pidcock v. McCune (In re McCune)*, No. 21-1013-j, 2023 WL 2879278, at *10 (Bankr. D.N.M. Apr. 10, 2023); *Pidcock v. McCune (In re McCune)*, Case No. 21-1013-j, ECF No. 151-1, at 1 (Bankr. D.N.M. Sept. 7, 2022).

Mr. Papermaster also brings forward *Lyndon v. SEC*,[50] in which a consent judgment was entered against the debtor in a federal securities action specifically "without admitting or denying the allegations of the Complaint (except as to jurisdiction)."[51] However, the consent judgment also explained that "the facts alleged in the SEC's complaint would be deemed true" for the purpose of determining damages.[52] The facts alleged in the SEC's complaint included federal securities laws violations.[53] Thus the court determined: "Preclusion analysis is not necessary here; the terms of the [judgment] make it crystal clear that [the debtor's] debt is 'for' securities law violations."[54] Mr. Papermaster is correct that the consent judgment here, unlike in *Lyndon*, does not explicitly state that the facts in the complaint were to be deemed true. But, also unlike in *Lyndon*, there was no "without admitting or denying" language here—to the contrary, judgment was entered *against* Mr. Papermaster *on the claims alleged in the case*, without any reservations. There is nothing inconsistent about this Court's ruling and the *Lyndon* case.

Finally, Mr. Papermaster cites *Wong v. Bergan*,[55] a 2026 case out of the Southern District of Texas in which the court granted summary judgment on § 523(a)(19).[56] The underlying state court judgment in that case explicitly found violations of state securities laws.[57] However, it was a default judgment, which was not preclusive under the applicable state law.[58] The court affirmed that traditional issue preclusion did not apply, and that the default judgment could still serve as a basis of nondischargeability for § 523(a)(19).[59] Although the judgment in *Bergan* was more explicit than the judgment against Mr. Papermaster here, the legal principle is the same: no preclusion analysis is required.

**D. Even if a preclusion analysis were required, this judgment would pass it.**

As established above, no preclusion analysis is required for this Court to find that the state court judgment establishes a nondischargeable debt under § 523(a)(19). That said, under Texas law, as the Court has already found in its related opinion

---

[50] *Lyndon v. SEC (In re Lyndon)*, No. 18-90005, 2018 WL 3004588 (Bankr. D. Haw. June 13, 2018).

[51] *Lyndon v. SEC (In re Lyndon)*, Case No. 18-90005, ECF No. 2, at 12 (Bankr. D. Haw. Feb. 7, 2018).

[52] *Lyndon*, 2018 WL 3004588, at *3.

[53] *Id.*

[54] *Id.* at *4.

[55] *Bergan*, 2026 WL 200775.

[56] *Id.* at *5.

[57] *Id.* at *4.

[58] *Id.* at *3.

[59] *Id.* at *4.

under § 522(q), the opinion here would *pass* the collateral estoppel test under governing Texas law.[60] The judgment is final, unambiguous, and was never appealed. It stands as a matter of law.

## Conclusion

Regardless of the circumstances or intent of the order, a judgment was entered by the state court, which awarded Race and Leap "judgment on [their] claims asserted in this cause against Defendant Steven G. Papermaster." Upon review of the live pleading in that case, the claims asserted in that cause against Mr. Papermaster included violations of state securities laws and fraud in connection with the sale of securities. Therefore, Mr. Papermaster owes a debt for "the violation of . . . any of the State securities laws and "common law fraud . . . in connection with the sale of any security,"[61] and this debt results from a "judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding."[62]

These facts are subject to no real dispute and are not eligible to be relitigated by Mr. Papermaster in this Court. Therefore, summary judgment is entered on 11 U.S.C. § 523(a)(19). Mr. Papermaster's debts to Race and Leap are nondischargeable.

IT IS SO ORDERED that Plaintiffs' *Motion for Summary Judgment* [ECF No. 15] is granted.

# # #

---

[60] *Papermaster*, 2026 WL 641095, at *4 ("Ultimately, the plain language of the agreed judgment governs. The agreed judgment explicitly awards judgment against Mr. Papermaster on each claim including the securities fraud claim. For this Court to refuse to give due legal effect to that judgment would be to disrespect the Texas laws and courts under which that judgment was entered.").

[61] 11 U.S.C. § 523(a)(19).

[62] *See* 11 U.S.C. § 523(a)(19)(B)(i).

11